508 P.2d 804

**EMPIRE INVESTMENT CORPORATION AND ASSOCIATES, a limited partnership, Plaintiff and Appellant,**

v.

**NEILSON CONSTRUCTION COMPANY, a Utah corporation, et al., Defendants and Respondents.**

No. 12977.

Supreme Court of Utah.

April 2, 1973.

John W. Lowe, of Brayton, Lowe & Hurley, Salt Lake City, for plaintiff-appellant.

Carman E. Kipp, of Kipp & Christian, Salt Lake City, for defendants-respondents.

---

ELLETT, Justice:

This is an action by a limited partnership claiming to have an ownership in trust in a condominium and in certain real property owned by the defendants. From a judgment dismissing its complaint the plaintiff appeals.

The facts are not in dispute.

On November 1, 1969, Neilsons sold by contract the realty in question to Brown as "a general partner." W. F. and D. E. Fleenor had furnished $25,000 to Brown, of which sum Brown used approximately $17,500 as a down payment on the contract. The Fleenors expected to be made limited partners, but no certificate was signed and filed as required by Section 48–2–2, U.C.A. 1953.

On December 18, 1969, Brown sold the realty to Empire Investment Co., Inc. On December 21, 1969, this corporation as the general partner and the Fleenors as limited partners signed an agreement and duly qualified as a limited partnership under the name of "Empire Investment Corporation and Associates, a Limited Partnership." All of the stock of Empire Investment Co., Inc., was held by three men, namely, Lords, Bachman, and Hunter. While the agreement of limited partnership states that it is between Empire Investment Corporation, as the general partner and W. F. Fleenor and D. E. Fleenor as limited partners, it is signed by Empire Investment Co., Inc., by Jack Lords, President, and also contains the signatures of Lords, Bachman, and Hunter over the printed words "as individuals, the General Partners."

Empire Investment Co., Inc., on September 1, 1970, sold the real property to Olympic Holding Corporation of America and received $5,500 as a down payment.

The Neilsons knew nothing about the Fleenors and sold to Brown at a time when there was no limited partnership in existence. When payments were not made, Neilsons duly repossessed the property.

Empire Investment Co., Inc., sued Brown and the Neilsons, alleging fraud, and claimed that Neilsons raised the assessments for repairs on the condominium and made unusually heavy assessments for placing unnecessary sidewalks so that the payments received by the Empire Investment Co., Inc., were not sufficient to cover the payments required to be made on the contract of sale. Olympic filed an action claiming to be the owner of the property, and both of these actions were consolidated for trial. In order to avoid trial and to clear the title, the actions were settled by Neilsons agreeing to pay Empire $12,500 and Empire agreeing to pay Olympic $5,500, and all of the plaintiffs were then to surrender any and all claim they had in and to the realty.

At that time the Fleenors also had a suit filed against Empire Investment Co., Inc.,

and the stockholders thereof for an accounting of the limited partnership dealings, and so as a part of the settlement of the other two actions a stipulation was made that the rights of others not named therein—namely, Empire Investment Corporation and Associates, a Limited Partnership, and D. E. Fleenor and W. F. Fleenor — would not be affected. It will be noted that it was a general partner—to wit, Empire Investment Co., Inc.—which as a plaintiff in the prior action settled whatever rights the partnership may have had against the Neilsons, and the limited partners cannot now under the guise of the partnership entity relitigate substantially the same issues by seeking to have the real property returned to the partnership entity. Their rights, if any they have, are against the general partner and not the sellers, who simply repossessed the property for failure of all parties to pay as provided in the original contract of sale.

We have a statute[1] which provides, "A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, . . .." See also 60 Am.Jur.2d, Partnership, § 380.

The judgment of the trial court is affirmed. Costs are awarded to the respondents.

CALLISTER, C. J., and HENRIOD, CROCKETT, and TUCKETT, JJ., concur.

1. Section 48–2–26, U.C.A.1953.